JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
|---|---|---|---|
| Title | Quiana Winn v. California Post Acute LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| K. Sali-Suleyman | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant California Post Acute LLC ("Defendant"). (Dkt. No. 1.) In its Notice of Removal, Defendant asserts that this Court has jurisdiction over the action brought against it by plaintiff Quiana Winn ("Plaintiff") based on federal officer jurisdiction and federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1441, 1442(a)(1), and 1446. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument.

**I.   Background**

On October 26, 2020, Plaintiff filed a Complaint against Defendant in Los Angeles Superior Court alleging claims for (1) negligence, (2) willful misconduct, (3) violations of the Elder and Dependent Adult Civil Protection Act, and (4) wrongful death. (Dkt. No. 4, Request for Judicial Notice Ex. 1, Complaint.) In her Complaint, Plaintiff alleges that Michael Winn (the "Decedent") was admitted to the California Post Acute center, a skilled nursing facility in 2010 following a stroke and leg amputation. (Id. ¶ 12.) Plaintiff alleges Decedent "suffered from being left in his own urine for long periods of time, which resulted in his testicles becoming raw and a wound opening up." (Id. ¶ 14.) "Decedent also suffered from exposure to bedbugs which resulted in bites." (Id.) In addition to these injuries, Plaintiff alleges Decedent "started running a fever in early May 2020." (Id. ¶ 15.) 'On or about May 9, 2020, Decedent was transferred to PIH Health Good Samaritan Hospital ("PIH Health") for further treatment." (Id. ¶ 16.) As alleged by Plaintiff, "[o]n admission to PIH Health, Decedent was tested for COVID-19, for which he tested positive." (Id.)

"On May 20, 2020, Decedent passed away." (Id. ¶ 17.) "His death certificate indicates that Septic Shock, Acute Respiratory Failure, Acute Hypoxic Respiratory Failure, and COVID-19 were causes of his death." (Id.) Plaintiff alleges that "[d]espite Defendant's knowledge and awareness of Decedent's needs during his residence [with Defendant,] Decedent did not receive the proper care and supervision necessary to prevent Decedent from suffering from Septic Shock, Acute Respiratory Failure, Acute Hypoxic Respiratory Failure, COVID-19, and viral pneumonia." (Id. ¶ 22.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
|---|---|---|---|
| Title | Quiana Winn v. California Post Acute LLC | | |

On April 2, 2021, Defendant filed a Notice of Removal. In the Notice of Removal, Defendant argues this Court has jurisdiction over this case on the grounds that: (1) Plaintiff's claims are preempted by the Public Readiness and Emergency Preparedness Act ("PREP Act"), (2) the action raises a substantial and important federal issue, and (3) removal is proper under the federal officer statute.

**II.     Legal Standard**

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

**III.    Discussion**

For the reasons discussed below, the Court finds that Defendant has failed to demonstrate that this action was properly removed under any of Defendant's three theories.

**A.     Complete Preemption**

In its first theory, Defendant argues this action was properly removed based on federal question jurisdiction because Plaintiff's state law claims are completely preempted by the PREP Act.

**1.     The PREP Act**

Passed in 2005, the PREP Act authorizes the Secretary of Health and Human Services ("HHS") to issue a declaration determining that a "disease or other health condition or other threat to health constitutes a public health emergency." 42 U.S.C. § 247d-6d(b). If applicable, the PREP Act provides immunity from liability for "all claims for loss caused by, arising out of, relating to, or resulting from the administration to or the use by an individual of a covered countermeasure." 42 U.S.C. § 247d-6d(a)(1). If immunity applies, the injured person or their survivors may seek compensation from the Countermeasures Injury Compensation Program – a regulatory program that provides reimbursement for some losses associated with the use of covered countermeasures. 42 U.S.C. § 247d-6e. The only exception to the PREP Act's immunity is when the injury occurs through willful misconduct. In these instances, the PREP Act provides procedural rules that govern the injured person's claim. 42 U.S.C. § 247d-6d(d). For example, they must file in the U.S. District Court for the District of Columbia. Id.; 42 U.S.C. § 247d-6(c).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
|---|---|---|---|
| Title | Quiana Winn v. California Post Acute LLC | | |

On March 10, 2020, the HHS Secretary issued a Declaration Under the Public Readiness and Emergency Preparedness Act for Medical Countermeasures Against COVID-19 ("March 10, 2020 Declaration"), which declared the COVID-19 pandemic a public health emergency under the PREP Act. 85 Fed. Reg. 15198-01. On December 3, 2020, the HHS Secretary issued a Fourth Amendment to his March 10, 2020 Declaration (the "Fourth Amendment"). 85 Fed. Reg. at 79190 (Dec. 9, 2020). In the Fourth Amendment, the HHS Secretary defined the "administration" of a covered countermeasure as follows:

> Administration of the Covered Countermeasure means physical provision of the countermeasures to recipients, or activities and decisions directly relating to public and private delivery, distribution and dispensing of the countermeasures to recipients, management and operation of countermeasure programs, or management and operation of locations for the purpose of distributing and dispensing countermeasures.
>
> Where there are limited Covered Countermeasures, not administering a Covered Countermeasure to one individual in order to administer it to another individual can constitute "relating to . . . the administration to . . . an individual" under 42 U.S.C. 247d-6d. For example, consider a situation where there is only one dose . . . of a COVID-19 vaccine, and a person in a vulnerable population and a person in a less vulnerable population both request it from a healthcare professional. In that situation, the healthcare professional administers the one dose to the person who is more vulnerable to COVID-19. In that circumstance, the failure to administer the COVID-19 vaccine to the person in a less-vulnerable population 'relat[es] to ... the administration to' the person in a vulnerable population. The person in the vulnerable population was able to receive the vaccine only because it was not administered to the person in the less-vulnerable population. Prioritization or purposeful allocation of a Covered Countermeasure, particularly if done in accordance with a public health authority's directive, can fall within the PREP Act and this Declaration's liability protections.

85 Fed. Reg. at 79197. In the Fourth Amendment, the HHS Secretary also: (1) opined that "[t]here are substantial federal legal and policy issues, and substantial federal legal and policy interests within the meaning of Grable & Sons Metal Products, Inc. v. Darue Eng'g. & Mf'g., 545 U.S. 308 (2005), in having a uniform interpretation of the PREP Act;" and (2) clarified that the Declaration "must be construed in accordance with the [HSS] Office of the General Counsel (OGC) Advisory Opinions on the Public Readiness and Emergency Preparedness Act and the Declaration (Advisory Opinions)" and expressly incorporated the Advisory Opinions for that purpose. 85 Fed. Reg. at 79191, 79197.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
|---|---|---|---|
| Title | Quiana Winn v. California Post Acute LLC | | |

On January 8, 2021, HHS's OGC issued an Advisory Opinion, which opines that the PREP Act "is a 'complete preemption' statute" because it establishes "a federal cause of action, administrative or judicial, as the only viable claim." (Exhibit DD, Dkt. No. 4-30.) The January 8, 2021 Advisory Opinion also opines that "the Fourth Amendment to the Secretary's Declaration supports the Grable doctrine." Id. The Advisory Opinion, however, cautions that "[i]t is not a final agency action or a final order. It does not have the force or effect of law." Id.

**2.      Complete Preemption**

"Removal based on federal-question jurisdiction is reviewed under the well-pleaded complaint rule." Hansen v. Grp. Health Coop., 902 F.3d 1051, 1057 (9th Cir. 2018). The "well-pleaded complaint rule,' provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2003) (quoting Caterpillar, 482 U.S. at 392. The federal issue "must be disclosed upon the face of the complaint, unaided by the answer or by the petition for removal." Id. (quoting Gully v. First Nat. Bank, 299 U.S. 109, 113 (1936) (holding that the federal controversy cannot be "merely a possible or conjectural one")). "Thus the rule enables the plaintiff, as 'master of the complaint,' to 'choose to have the cause heard in state court' 'by eschewing claims based on federal law.'" Id. (quoting Caterpillar, 482 U.S. at 399). As the Supreme Court stated in Caterpillar,

> Ordinarily federal preemption is raised as a defense to the allegations in a plaintiff's complaint .... [I]t is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of preemption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue.

482 U.S. at 392-93.

Complete preemption is an exception to the well-pleaded complaint rule. "[T]he complete preemption doctrine provides that 'Congress may so completely preempt a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'" Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1243–44 (9th Cir. 2009) (citing Toumajian v. Frailey, 135 F.3d 648, 653 (9th Cir. 1998) (quoting Metro. Life Ins. Co. v. Taylor, 481 U.S. 58, 63–64 (1987)). If complete preemption applies, "the state-law claim is simply 'recharacterized' as the federal claim that Congress made exclusive." Hansen, 902 F.3d at 1058 (quoting Vaden v. Discover Bank, 556 U.S. 49, 61 (2009)). "[W]hen a federal statute wholly displaces the state-law cause of action through complete preemption," the state claim can be removed. Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 8 (2003).

Complete preemption is extremely "rare." Hansen, 902 F.3d at 1057. The Supreme Court has found complete preemption applicable to only three federal statutes. See City of Oakland v. BP PLC,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
|---|---|---|---|
| Title | Quiana Winn v. California Post Acute LLC | | |

969 F.3d 895, 905 (9th Cir. 2020) (noting that complete preemption applies only to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, § 502(a) of the Employee Retirement Income Security Act of 1974, and §§ 85 and 86 of the National Bank Act). While discussing the limited nature of the doctrine, the Ninth Circuit held that "complete preemption for purposes of federal jurisdiction under Section 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." City of Oakland, 969 F.3d at 906 (citing Hansen, 902 F.3d at 1057). Thus, before complete preemption can apply to a plaintiff's state law claims, "the claims at issue must fall within the scope of the relevant federal statute." Jackson v. Big Blue Healthcare, Inc., 20-cv-02259, 2020 WL 4815099, at *3–4 (D. Kan. Aug. 19, 2020) (citing Beneficial Nat. Bank v. Anderson, 539 U.S. 1, 9 n.5 (2003)).

### 3. The PREP Act Does Not Apply To Plaintiff's Claims, And Plaintiff's Claims Are Not Completely Preempted By The PREP Act.

Here, the PREP Act does not apply to Plaintiff's claims. Plaintiff's claims are based on alleged inaction on the part of Defendant. (See Compl. ¶ 26 (Defendant "did not provide needed care to Decedent.")). Although the HHS Secretary's Fourth Amendment makes clear that an "inaction claim" is not necessarily beyond the scope of the PREP Act, such claims only fall under the scope of the PREP Act where: (1) there are limited covered countermeasures; and (2) there was a failure to administer a covered countermeasure to one individual because it was administered to another individual. 85 Fed. Reg. at 79197; Ebony Stone v. Long Beach Healthcare Center, LLC, 21-cv-326, 2021 WL 1163572, at *5 (C.D. Cal. Mar. 26, 2021). Here, there are no allegations that Decedent's death was the result of purposeful allocation of personal protective equipment or care to other individuals.

Additionally, even assuming the PREP Act might arguably provide Defendant immunity on some of Plaintiff's claims, the PREP Act does not satisfy the Ninth Circuit's complete preemption test. City of Oakland, 969 F.3d at 905. The doctrine of complete preemption applies in very limited circumstances, and this is not the "rare" statute where complete preemption applies. Hansen, 902 F.3d at 1057. First, "the PREP Act does not completely replace state law claims related to COVID-19." Ebony Stone, 2021 WL 1163572, at *5. Second, the PREP Act does not provide a substitute cause of action for Plaintiff's claims based on Defendant's alleged negligence claims. "Instead, when applicable, the PREP Act provides immunity to defendants on state law negligence claims." Parker Through Parker v. St. Jude Operating Company LLC, 20-cv-01325, 2020 WL 8362407, at *6 (D. Or. Dec. 28, 2020); see also Lyons v. Cucumber Holdings, LLC, 20-cv-10571, 2021 WL 364640, at *5 (C.D. Cal. Feb. 3, 2021) ("the PREP Act does not satisfy the Ninth Circuit's two pronged complete preemption test."); Estate of McCalebb v. AG Lynwood, LLC, 20-cv-09746, 2021 WL 911951, at *4 (C.D. Cal. Mar. 1, 2021) (same). The only exception to the Act's immunity is when injury occurs through willful misconduct. In these instances, the PREP Act provides procedural rules that govern the injured person's claims. 42

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
|---|---|---|---|
| Title | Quiana Winn v. California Post Acute LLC | | |

U.S.C. § 247d-6d(d).  For example, "they must file in the U.S. District Court for the District of Columbia," not in this Court.  Ebony Stone, 2021 WL 1163572, at *2 (citing 42 U.S.C. § 247d-6d(c).)[1/]

Accordingly, the Court concludes that the PREP Act does not apply to Plaintiff's claims, and that Plaintiff's claims are not completely preempted by the PREP Act.

### B.   Question of Federal Law

Next, Defendant argues that there is embedded federal question jurisdiction over Plaintiff's claims, citing Grable, 545 U.S. 308.  In order to establish federal jurisdiction due to a "substantial, embedded question of federal law," a "state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities."  Grable, 545 U.S. at 314. In other words,  "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress."  Gunn v. Minton, 568 U.S. 251, 258 (2013). In addition, "it is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claim 'necessarily raise[s]' a disputed federal issue, as Grable separately requires.  The substantiality inquiry under Grable looks instead to the importance of the issue to the federal system as a whole." Id. at 260.  "[T]he mere use of a federal statute as a predicate for a state law cause of action does not necessarily transform that cause of action into a federal claim."  Nevada v. Bank of America Corp., 672 F.3d 661, 675 (9th Cir. 2012).  Nor does "the question whether a particular claim arises under federal law depend . . . on the novelty of the federal issue."  Id.  (quoting Merrell Dow Pharms., Inc. v. Thompson, 478 U.S. 804, 817 (1986)).

The Court concludes that Plaintiff's claims do not present an embedded question under Grable. The federal issue raised relates to Defendant's potential defense, not the claims alleged by Plaintiff.  As such, the federal issue is not necessarily raised.  See, e.g., Robertson v. Big Blue Healthcare, Inc., 20-cv-02561, 2021 WL 764566, at *11 (D. Kan. Feb. 26, 2020) ("To be certain, Defendants intend to assert the PREP Act as a defense to Plaintiff's claim. But that is not enough."); Dupervil v. Alliance Health Operations, LLC, 20-cv-4042, 2021 WL 355137, at *14 (E.D.N.Y. Feb. 2, 2021) ("[T]his  only shows

---

[1/]   To the extent Defendant relies on the OGC's January 8, 2021 Advisory Opinion and HHS Secretary's Fourth Amendment to the March 10, 2020 Declaration in support if its complete preemption argument, the Court agrees with and adopts the opinion of other Courts in this Circuit.  The Court concludes that the "HHS Secretary's and the OGC's interpretations of this Court's jurisdiction under the PREP Act are not entitled to deference and lack 'the power to persuade.'"  Ebony Stone, 2021 WL 1163572, at *6.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
| Title | Quiana Winn v. California Post Acute LLC | | |

that Defendants may have an affirmative defense to Plaintiff's claims, not that Plaintiff's claims are affirmatively premised on, or on their face necessarily require resolution of, the PREP Act.")._2/_

Accordingly, the Court concludes that it does not have subject matter jurisdiction based on embedded federal question grounds.

    **C.**    <u>**Federal Officer Removal**</u>

Finally, in its third theory, Defendant argues that federal officer removal is available because it was "acting under" the direction of a federal officer. Defendant argues that it was acting pursuant to directives issued by the CDC, CMS, and CDPH that were specifically aimed at helping achieve the federal government's efforts to stop or limit the spread of COVID-19.

Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" <u>Fidelitad, Inc. v. Insitu, Inc.</u>, 904 F.3d 1095, 1099 (9th Cir. 2018). In this case, Defendant has failed to establish it acted "pursuant to a federal officer's directions." Specifically, the directives that Defendant relies on are nothing more than "general regulations and public directives regarding the provision of medical services." <u>Martin v. Serrano Post Acute LLC</u>, 20-cv-5937, 2020 WL 5422949 at *1 (C.D. Cal. Sept. 10, 2020) (quoting <u>Watson v. Philip Morris Companies, Inc.</u>, 551 U.S. 142, 153 (2007)); see also <u>Saldana v. Glenhaven Healthcare LLC</u>, 20-cv-5631, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020) (holding that where the defendants argued that "in taking steps to prevent the spread of COVID-19, [they] did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or limiting the spread of COVID-19," such general regulations and public directives were "insufficient" to confer jurisdiction under the federal officer removal statute). In addition, "[a] private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official ... even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." <u>Martin</u>, 2020 WL 5422949 (quoting <u>Watson</u>, 551 U.S. 142, 153).

Accordingly, the Court concludes that Defendant has failed to demonstrate that removal was proper under the federal officer removal statute.

---

_2/_    To the extent Defendant relies on the Office of General Counsel's January 8, 2021 Advisory Opinion and the HHS Secretary's Fourth Amendment to the March 10, 2020 Declaration in support of its <u>Grable</u> doctrine argument, the Court agrees with and adopts the analysis of other courts in this Circuit, and concludes that the HHS Secretary's and the OGC's interpretations of this Court's jurisdiction under the PREP Act are not entitled to deference and lack the "power to persuade." See <u>Ebony Stone</u>, 2021 WL 1162572, at *7.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-02854 PA (MARx) | Date | April 6, 2021 |
|---|---|---|---|
| Title | Quiana Winn v. California Post Acute LLC | | |

### Conclusion

For all of the foregoing reasons, Defendant has failed to meet its burden to demonstrate that this Court has subject matter jurisdiction over this action. Accordingly, the Court remands this action for lack of subject matter jurisdiction to the Los Angeles Superior Court, Case No. 20STCV40964. See 28 U.S.C. § 1447(c).

IT IS SO ORDERED.